UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FIELDS MEDICAL CORPORATION, et al.                                    PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:08CV-323-S

BIOMET, INC., et al.                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants, Biomet, Inc., *et al.*, to transfer venue of this action (DN 3) to the United States District Court for the Northern District of Indiana, South Bend Division, for consolidation with *Biomet, Inc., et al. v. Randy D. Fields*, Civil Action No. 3:07CV-346RM, and for consideration of other related motions.[1]

The background facts underlying this and the Indiana actions were succinctly described by the Indiana court in a December 9, 2008 Opinion and Order. A portion of that narrative and the parties' briefs provide the source for the factual background below.

Biomet, Inc. and its corporate affiliates, Biomet Orthopedics, Arthrotek, Cell Factor, and EBI, LLC (collectively "Biomet"), design, manufacture, and sell orthopedic, sports medicine, and trauma related products. Randy Fields ("Fields"), individually and through his companies, Fields Medical Corporation ("FMC") and Fields & Stallings, LLC ("F & S"), distributed various Biomet products from August of 1994 to July, 2007. Over this course of dealings, various written agreements were entered into among the various entities and individuals. Beginning in 1994, Biomet contracted with FMC and Fields to use FMC's sales associates as the exclusive distributor for a territory that included portions of Kentucky, Tennessee, and West Virginia. Fields and

---

[1] The motion for hearing on the motion to transfer venue (DN 17) will be denied. The motion for enlargement of time to answer or respond to the complaint (DN 6) will be denied as moot. The motion for enlargement of time to answer or respond to the amended complaint (DN 23) will be granted.

Kirkland Stallings ("Stallings") formed F & S to act as the distributor of medical devices to hospitals and physicians. F & S had separate distributorship agreements with Cell Factor and Arthrotek. Fields also apparently orally contracted to purchase on a "sample account" a variety of surgical tools from Biomet designed to be used by surgeons to implant Biomet orthopedic products.

In November 2006, Biomet informed its distributors that it was pursing a transaction with a private equity group with the goal of becoming a privately-held company. Distributors were told that they would be expected to execute new distributorship agreements. Fields and Stallings then began exploring the possibility of selling their businesses.

In June of 2007, Fields & Stallings entered into an asset purchase agreement with Zimmer Melia & Associates, Inc. and Zimmer US, Inc.(collectively, "Zimmer"), Biomet competitors. Fields notified Biomet of the termination of the distribution relationship with Biomet. Biomet urged Fields and Stallings to repudiate the Zimmer deal. Stallings then formed his own company to work with Biomet and began competing with FMC, F & S and Zimmer. There was apparently a tug of war over the sales associates of FMC and F & S, and issues have arisen over non-competition clauses in the various contracts.

We are told that there have been five lawsuits filed over the implosion of the various business relationships, two in Indiana, two in Kentucky, and one in Tennessee. The two actions in issue here are one in the United States District Court for the Northern District of Indiana at South Bend (the "South Bend action" or "Indiana court") and the one before us.

In the South Bend action filed July 16, 2007, Biomet seeks to enforce fiduciary and contractual obligations that it asserts were breached by Fields during the sale of the assets of FMC and F & S to Zimmer. Biomet contends that Fields wrongfully (1) solicited Biomet customers to use Zimmer products, (2) sold Zimmer the opportunity to hire his companies' sales representatives

to work for Zimmer, and (3) failed to pay for specialized surgical instruments he received.[2] Biomet alleges that in each of the parties' distributorship contracts, Fields and his companies agreed not to sell, market, or promote products that compete with the products of Biomet or its affiliates.

In this action filed June 13, 2008 and removed to this court, FMC, F & S, and Fields allege that in June, 2007, most of the FMC and F & S sales representatives entered into written employment agreements with Zimmer, but were shortly thereafter lured away to work for Stallings' newly formed company to again distribute Biomet products. The plaintiffs allege that Biomet wrongfully induced the sales representatives to breach their employment contracts and thereby violate their obligation not to compete with FMC and F & S and their obligation not to misappropriate the plaintiffs' trade secrets. The plaintiffs also urge that Biomet aided and abetted the breach of fiduciary duties owed by Stallings to FMC and F & S.

The defendants have moved for transfer of venue of this case to Indiana for consolidation with the South Bend action, pursuant to 28 U.S.C. § 1404(a) which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Biomet contends that the action should be transferred under the "first-to-file" rule, urging that the action actions involve nearly identical parties and issues, and that the South Bend action was first-filed.

The Supreme Court has held that "the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947). Among the factors to be considered in assessing a request for transfer of venue in addition to the plaintiff's choice of forum, are the private interests of the parties, their convenience and the convenience of potential witnesses, and other public interest concerns such as systemic integrity and fairness. *Moses v. Business Card Express, Inc.*, 929 F.3d 1131, 13337 (6th Cir. 1991). Biomet focuses on the last of these factors, urging that the interests of

---

[2] Biomet seeks payment for surgical instruments that Fields allegedly obtained but did not pay for. This claim was common to both the South Bend action and this one. However, the plaintiffs have amended their complaint in this action to delete this claim.

justice counsel in favor of transfer for judicial efficiency and for avoidance of duplicative and possibly conflicting efforts.

The Indiana court has already determined, in assessing whether the claims brought in the Kentucky action stated compulsory counterclaims which should have been brought in the South Bend case, that both cases involve the same course of dealing, but involve different contracts and bodies of law. The Indiana court stated:

> The Indiana case and the second filed Kentucky action both arise in the factual setting of Mr. Fields' asset sale to Zimmer, but the cases focus on separate obligations arising out of that setting. In the Indiana action, Biomet seeks to enforce certain non-compete obligations Mr. Fields owes Biomet in connection with their distributorship agreements. This case will focus on the effect of Mr. Fields' conduct and efforts in connection with Zimmer under Indiana law. In the Kentucky action, Mr. Fields seeks damages relating to Biomet's conduct in regards to FMC's and F & S's employment contracts with its sale representatives. That case will focus on Biomet's alleged conspiracy with Mr. Stallings to induce Mr. Fields' employees to breach their sales contracts under Kentucky law.

December 9, 2008 Opinion and Order, p. 32.[3]

The court has been shown no basis on the present record for disagreement with the analysis of the Indiana court, and we find that analysis to be sound.

The Indiana court recognized that these actions arise in the broad factual setting of Mr. Fields' asset sale to Zimmer, but found that the cases focused on separate obligations arising out of that setting. Biomet urges somewhat generally that the business relationships between the parties and the interpretation of all of the various contracts will be in issue in both cases. *See,* Reply Brief, p. 6. We believe that the more exacting view of the claims conducted by the Indiana court evidences that, at the current stage of development of these cases, Biomet's proposition is not borne out.

Biomet quotes *Continental Grain Co. v. The FBL*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1475, (1960) for the proposition that "[t]o permit a situation in which two cases involving precisely the

---

[3]The court additionally found that Fields' claim for declaratory judgment concerning the amount owed for surgical instruments overlapped a claim in the South Bend action and so might be found to be a compulsory counterclaim. As noted earlier, however, that claim has been dismissed from this action.

same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." The *Continental Grain Co.* case involved the application of an archaic rule of admiralty law where identical claims were brought against a ship and its owner for damages arising from the sinking of the vessel and its cargo. The actions in issue here involve claims which are clearly not identical, the duplicative claim regarding payment for surgical instruments having been withdrawn by the plaintiffs from this action. An interdependence of the claims has been suggested, but has not been developed in any significant detail. Further, Biomet candidly states that the factors of the convenience of the parties and witnesses do not weigh heavily either for or against transfer. Thus the claims have not been shown at this point to be so inextricably intertwined as to compel transfer and consolidation with the Indiana action.

The motion for transfer of venue will thus be denied at this time.

Motions having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The motion of the defendants, Biomet, Inc., *et al.*, for transfer of venue (DN 3) is **DENIED.**

2. The motion of the defendants, Biomet, Inc., *et al.*, for hearing (DN 17) is **DENIED.**

3. The motion of the defendants, Biomet, Inc., *et al.*, for enlargement of time to answer or respond to the complaint is **DENIED AS MOOT.**

4. The motion of the defendants, Biomet, Inc., *et al.*, for enlargement of time to answer or respond to the amended complaint (DN 23) is **GRANTED**. The defendants **SHALL FILE** their answer or otherwise respond to the amended complaint **within ten (10) days of the date of entry of this order.**

IT IS SO ORDERED.
3/19/09

ENTERED BY ORDER OF COURT:
CHARLES R. SIMPSON III, JUDGE
UNITED STATES DISTRICT COURT
JEFFREY A. APPERSON, CLERK
By Nadine C. Smith, Dep. Clerk